MURGUIA, Circuit Judge,
concurring:
I concur in Judge Tashima’s opinion, but write separately to highlight the unfortunate situation that our law on retroactivity creates in this case. In 2004, the Department of Labor (“DOL”) interpreted the phrase “Federal purposes” broadly in two letters that should have been given controlling deference under Auer v. Robbins, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). Nutter Electric employed I-TAP apprentices on projects that it thought were “Federal purposes” under DOL’s then-controlling interpretation. We learned after oral argument, however, that the DOL had changed its position while this appeal was pending, withdrawing the 2004 interpretation and replacing it with a much narrower one that means the projects were not Federal purposes— thereby exposing Nutter to liability under California’s wage law for employing I-TAP apprentices.
We do not defer to the new interpretation because the DOL “pull[ed] the rug out from under litigants that [] relied on a long-established, prior interpretation of [the] regulation.” Maj. Op. at 1035. As the Supreme Court instructs, deferring to the agency in this situation would “frustrate] the notice and predictability purposes of rulemaking.” Christopher v. SmithKline Beecham Corp., — U.S.-, 132 S.Ct. 2156, 2168, 183 L.Ed.2d 153 (2012). But the solution—not deferring to the agency’s new interpretation—does not solve the problem—the risk of an unpredictable surprise to Nutter. In fact, in this case, not deferring to the agency makes the problem worse: because we do not defer to the agency, we must entertain the fiction that we are merely proclaiming what the meaning of the regulation has always been, and our interpretation therefore applies to conduct that occurred in the past. See Morales-Izquierdo v. DHS, 600 F.3d 1076, 1088-89 (9th Cir.2010). Rather than keeping the rug in place, we simply push aside the Department of Labor, grab hold of the rug, give it a strong pull, and watch Nutter tumble.
This result, while perhaps the unintended consequence of precedent from the Supreme Court and this court, does not make sense. We should recognize that allowing an agency to retroactively withdraw a conclusive interpretation of its own ambiguous regulation exposes regulated parties to the same risk of unfair surprise that leads us to scrutinize the retroactive application of new regulations and interpretations. See Cort v. Crabtree, 113 F.3d 1081, 1086-87 (9th Cir.1997) (holding that a new interpre *1040 tation of a Bureau of Prisons regulation did not apply retroactively); see also Gar-fias-Rodriguez v. Holder, 702 F.3d 504, 518 (9th Cir.2012) (en banc) (describing balancing test used to determine whether a new administrative rule applies retroactively).